IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DENNIS CHARLES MAKI, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:10-CV-2192-P (BK) | |
| ) | | |
| KRISTINE SCHWAN PREMROSE, et al., ) | | |
| Defendants. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

This is a *pro se* civil rights action brought by Dennis Charles Maki, an inmate at the W.J. Estelle Unit in Huntsville, Texas, pursuant to 42 U.S.C. § 1983. In January of 2000, Plaintiff was convicted of Aggravated Sexual Assault of a Child. He now claims that during his trial, the State knowingly used "false or perjured evidence" to wrongly convict him. (Doc. 1 at ii). Plaintiff names six defendants. (*Id*. at 3). The first two, Kristine Premrose and Tina Yoo, were the prosecutors in his trial for the sexual assault. (*Id*.) The third defendant is Bill Hill, who served as the District Attorney of Dallas County at the time of Plaintiff's trial. (*Id*.) The fourth and fifth defendants are Judges Robert Francis and Gracie Lewis, who presided over Plaintiff's sexual assault trial and his subsequent application for writ of habeas corpus, respectively. (*Id*. at 3, xii). As the final defendant, Plaintiff names Dallas County, Texas, which he claims is

vicariously liable for his allegedly wrongful conviction. (*Id*. at xii). In his request for relief, Plaintiff states that he wants a hearing or trial to "present . . . evidence supporting his claims." (*Id*. at 4). He asks that a jury be allowed "to determine whether [he] is entitled to receive [monetary] damages . . . ." (*Id*.) In addition, Plaintiff has also submitted a motion requesting appointment of counsel and a bench warrant (Doc. 6) and a motion requesting a jury trial. (Doc. 9).

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

## III. SECTION 1983 CLAIMS

Title 42, United States Code, section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under section 1983, Plaintiff must allege facts that show that (1) he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) the Defendants were acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**A. State Prosecutors**

Prosecutors are absolutely immune from liability for damages resulting from activities that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). This immunity covers the actions of "initiating and pursuing a criminal prosecution and in presenting the state's case . . . ." *Henzel v. Gerstein*, 608 F.2d 654 (5th Cir. 1979) (quoting *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978)). Moreover, it remains intact even when, as Plaintiff currently alleges, "the prosecutor[s] knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Id*. Thus, because Plaintiff is requesting financial relief, Defendants Premrose and Yoo are absolutely immune from such liability.

**B. Former District Attorney Hill**

Under section 1983, supervisory officials cannot be sued for the actions of their subordinates based solely upon the theories of vicarious liability or *respondeat superior*. *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981). Such officials, however, may be liable under section 1983 when they (i) are personally involved in depriving a plaintiff of his or her constitutional rights; or (ii) institute an unconstitutional policy that causally results in such a deprivation. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). In the instant case, Plaintiff seeks to hold Defendant Hill "accountable for the actions of his prosecutors" merely because Plaintiff's allegedly wrongful conviction occurred "under his watch." (Doc. 1 at xii). Plaintiff does not allege that Defendant Hill had any personal involvement in his conviction nor that he implemented any unconstitutional policy causing it. (*See id.*). Instead, the claim against Defendant Hill is impermissibly based on either vicarious liability or *respondeat superior*. (*See id.*). Consequently, it is without merit.

### C. State Judges

Judges are "absolutely immune from liability" for actions made in their capacity as judicial officers. *Stump v. Sparkman*, 436 U.S. 951, 1106 (1978); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (finding that Congress did not intend to abolish absolute judicial immunity in cases brought under section 1983). Thus, like the prosecutors, Defendants Francis and Lewis are absolutely immune from any financial liability to Plaintiff in this case.

### D. Dallas County

Finally, Plaintiff's contention that Dallas County should be held vicariously liable for the actions of the aforementioned Defendants must also fail. "[A] local government may not be sued under [section 1983] for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). Rather, a local government may face section 1983 liability only when the "execution of [its] policy or custom . . . inflicts the injury." *Id.* Moreover, a plaintiff must specifically identify "[e]ach and any policy which allegedly caused constitutional violations . . . ." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). In the present case, even when construing Plaintiff's complaint liberally, there is no allegation that Dallas County instituted any unconstitutional policy resulting in his conviction. (*See generally* Doc. 1). Instead, Plaintiff seeks to hold Defendant Dallas County "responsible through vicarious liability" for actions of the other, aforementioned Defendants. (Doc. 1 at xii). This he cannot do.

## V. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). This dismissal will

count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[1]  Additionally, in light of this Court's finding that Plaintiff's claims are without merit, it is further recommended that his requests for appointment of counsel and for a jury trial be **DENIED** as moot.

SO RECOMMENDED on March 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE